## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**JASON FRANCIS IRA TIPPITT**                                 **CIVIL ACTION**

**VERSUS**                                                              **NO: 10-4584-ILRL-SS**

**MICHAEL J ASTRUE**
**COMMISSIONER SOCIAL**
**SECURITY ADMINISTRATION**

## REPORT AND RECOMMENDATION

The plaintiff, Jason Francis Ira Tippitt ("Tippitt"), seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. Rec. doc. 1. For the reasons described below, it is recommended that Tippitt's complaint be dismissed without prejudice for failure to prosecute.

## PROCEDURAL HISTORY

On January 21, 2011, Tippitt filed a complaint against the Commissioner. He is proceeding *in forma pauperis*. The complaint was filed by his counsel. The summons was issued, but there is no record of service of the summons and complaint. The Federal Rules of Civil Procedure provide:

> If a defendant is not served with 120 days after the complaint is filed with the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). On April 28, 2011, an order was issued setting the matter for the call docket on May 18, 2011. Tippitt was notified that if he failed to file proof of service of the summons and complaint or demonstrate good cause for the failure to do so, it would be recommended that his complaint be dismissed without prejudice. Rec. doc. 6. On May 7, 2011, Tippitt filed a motion to

continue the call docket. Rec. doc. 7.  The motion was granted.  The case was reset for the call docket on June 15, 2011.  Tippitt was notified a second time that if he failed to file proof of service of the summons and complaint or demonstrate good cause for the failure to do so, it would be recommended that his complaint be dismissed without prejudice.  Rec. doc. 8.  Tippitt did not respond to the call docket.  He has not filed proof of service of the summons and the claimant.  He did not request additional time.

## FAILURE TO PROSECUTE

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear.  See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998).  A Rule 41(b) dismissal is considered to be an adjudication on the merits.  Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996).  The court's power to dismiss for want of prosecution should be used sparingly.  See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977).

Because of the operation of the statute of limitations, the dismissal may operate as a dismissal with prejudice.  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action.  Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996).

2

In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order.  Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).  In Ford v. Sharp, 758 F.2d 1018 (5th Cir. 1985), the Fifth Circuit described aggravating factors to be examined in considering an involuntary dismissal with prejudice.  These factors include the extent to which the plaintiff as distinguished from counsel is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct

Tippitt is represented by Robert Ellis Palmer.  Mr. Palmer is well acquainted with the effect of a failure to prosecute an appeal from a Social Security decision.  On December 27, 2000, the claim of Barbara Powell for her minor child against the Commissioner was dismissed for failure to prosecute.  CA 00-939-SSV - Rec. doc. 7.  On February 28, 2001, the claim of Joanna Bertus against the Commissioner was dismissed on the defendant's motion for summary judgment.  Bertus did not file any opposition to the motion.  CA -0165-ILRL - Rec. doc. 17.  On May 30, 2002, the claim of Albert Carr against the Commissioner was dismissed for failure to prosecute.  CA 01-1394-CJB - Rec. doc. 16.  On December 9, 2004, the claim of Kenneth Williams against the Commissioner was dismissed for failure to comply with a Show Cause Order.  CA 04-1183 - SRD - Rec. doc. 11.  In each of these cases the claimant was represented by Mr. Palmer.

Because of Tippitt's failure to comply with Rule 4(m) and to prosecute in this action, it will be recommended that his claim be dismissed without prejudice.

### **RECOMMENDATION**

Accordingly, IT IS RECOMMENDED that Jason Francis Ira Tippitt's petition be dismissed without prejudice.

## **OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 6th day of September, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**